EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO E. JIMÉNEZ, acusado y apelante.

No. 3243.—*Visto:* Junio 17, 1927. *Resuelto:* Junio 25, 1927.

1. LICENCIAS—POR OCUPACIONES Y PRIVILEGIOS—PROCESOS Y CASTIGOS—ACUSACIÓN O DENUNCIA—SU SUFICIENCIA—MANEJO DE AUTOMÓVIL SIN LICENCIA.— Una denuncia que imputa a una persona el manejar, mientras tenía suspen-

dida la licencia, un automóvil por una calle pública, imputa un delito previsto en el artículo 5, letra (*a*) de la Ley No. 75 de 1916 (p. 147).

2. LICENCIAS — POR OCUPACIONES Y PRIVILEGIOS — SUSPENSIÓN O REVOCACIÓN—
EFECTO.—La suspensión de una licencia expedida cancela temporalmente tal licencia y tiene por consecuencia la prohibición de manejar a que se refiere el artículo 5 letra (*a*) de la Ley No. 75 de 1916 (p. 147) por el período de tiempo de tal suspensión.

3. LICENCIAS — POR OCUPACIONES Y PRIVILEGIOS — SUSPENSIÓN O REVOCACIÓN—
FACULTAD PARA REVOCAR O SUSPENDER.—La autoridad del Comisionado del Interior para decretar la suspensión de licencias ya expedidas no puede negarse en vista del artículo 5 letra (*m*) de la Ley No. 75 de 1916 (p. 148).

SENTENCIA de *Gabriel Castejón*, J. (Humacao), condenando al acusado por delito de infracción del artículo 5, letra (*a*), de la ley de automóviles. *Confirmada.*

*Lucien Longchamps*, abogado del apelante; *José E. Figueras*, abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

La corte inferior impuso al acusado una multa de diez dólares por haber infringido el artículo 5, letra (*a*), de la Ley para reglamentar los vehículos de motor, aprobada en abril 13, 1916.

El único error que discute el apelante se refiere a que la denuncia no aduce hechos bastantes para determinar un delito público.

[1] La denuncia en lo pertinente dice como sigue:

". . . . el referido acusado . . . . ilegal, voluntaria y maliciosamente, violó las disposiciones de la ley para reglamentar el uso de vehículos de motor, por los caminos públicos de Puerto Rico, porque siendo chauffeur y teniendo suspendidas su chapa y licencia, manejaba por la mencionada calle el automóvil Núm. P–466 de su propiedad.''

El artículo 5, letra (*a*), de la ley citada dice así:

''Ninguna persona podrá manejar un vehículo de motor en Puerto Rico sin que se le haya expedido licencia al efecto por el Comisionado del Interior. Dichas licencias serán expedidas a virtud de solicitud extendida al efecto en el modelo prescrito por el Comisionado del Interior, y suministrarán los informes, referentes al solicitante, que el Comisionado estimare necesarios a los fines de esta Ley.''

Sostiene el apelante, en resumen, que la prescripción de la ley se refiere a aquellos que manejan vehículos de motor sin que se les haya expedido licencia por el Comisionado del Interior y no a los que se les suspende el uso de la licencia, pues la suspensión no lleva aparejada la cancelación de la licencia que había sido expedida.

[2] El argumento más bien es aparente. Para los efectos de la ley lo mismo es el que no tiene una licencia de *chauffeur* expedida por el Comisionado del Interior, y no obstante maneja vehículos de motor en Puerto Rico, que para aquel a quien se le suspende la licencia ya expedida. La suspensión tiene el alcance de cancelar temporalmente tal licencia y ella tiene por consecuencia la prohibición de manejar vehículos de motor por el período de tiempo que ha sido impuesta.

[3] El apelante niega la autoridad del Comisionado del Interior para decretar la suspensión de licencias ya expedidas, pero ésta es una facultad que está concedida por la misma ley, letra (*m*) del artículo 5, estableciéndose que dicho funcionario "podrá suspender o revocar la licencia de cualquier persona para actuar como chauffeur . . . ." o exigir que dicha persona "se examine de nuevo, si a su juicio, las circunstancias lo demandaren."

Por todo lo expuesto *debe confirmarse la sentencia apelada.*